Willie JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-91-00586-CR.

Court of Appeals of Texas, Dallas.

March 31, 1992.

George Ashford, III, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before LAGARDE, OVARD and BURNETT, JJ.

## OPINION

LAGARDE, Justice.

A jury found Willie Johnson guilty of possession of a controlled substance with the intent to deliver and assessed punishment, enhanced by a prior conviction, at forty years' confinement and a $10,000 fine. In a single point of error, Johnson challenges the sufficiency of the evidence to establish that he possessed cocaine with the intent to deliver. We overrule his point and affirm the trial court's judgment.

## FACTS

On March 4, 1991, at approximately 8:15 p.m., Dallas Police Officer Susan K. Harris and her partner, Officer Eric Richardson, were patrolling a known drug area when they saw three men standing near a phone booth. Johnson stood facing the phone booth while a man, about sixty-five or seventy years old, and a juvenile stood facing the street. As Harris's squad car approached, the older man looked alarmed and said something to Johnson. Johnson reached into his pocket, pulled out a paper sack, and put the sack onto the bottom metal plate of the phone booth. Harris found this activity suspicious and asked her partner to pull over. Harris asked the men to approach the squad car. Richardson stayed with the men while Harris went to retrieve the paper sack. Inside the paper sack, she found forty-six individual baggies, each containing a small white rock she believed to be crack cocaine. Johnson

told Harris that the paper sack did not belong to him; he was holding it for the older man. Richardson testified to substantially the same facts as Harris.

Anne Couch, a drug chemist at the Dallas County Criminal Investigation Laboratory, testified that she did a complete analysis on the contents of one of the forty-six baggies and "spot" tested the contents of five additional baggies. The complete analysis showed the contents of that baggie contained 113.6 milligrams of cocaine. The "spot" test randomly performed by Couch on the contents of five additional baggies indicated the probable presence of cocaine.

Dallas Police Officer David McCoy testified that he has been a member of the Dallas Police Department for the past twenty-one years and that he has worked in the narcotics division for the past six years. He had attended seminars covering use, distribution, packaging, sale, and pharmacological effects of all types of drugs, cocaine in particular. He offered his expert opinion that, based on the fact that the sack found by Harris in the phone booth contained forty-six individual baggies of cocaine, the cocaine was for sale and not for personal use. He explained that a drug addict purchasing drugs for his personal use would buy a large single rock of cocaine rather than forty-six individual rocks of cocaine. McCoy explained that a large rock of cocaine could be purchased more cheaply than several small rocks of cocaine.

L.B., who was fourteen at the time of trial, testified for the defense that he was with Johnson in March 1991 when the police arrested Johnson. L.B. was using the pay phone and another man, T. Walker, was standing by the pay phone when the police drove up. The police went straight to Johnson and arrested him. L.B. told the police that "T. Walker did it." L.B. described T. Walker as being in his "late thirties." Johnson told the police that the drugs belonged to T. Walker. L.B. did not hear Johnson tell the police that he had been holding the drugs for T. Walker. The area around the pay phone was not well lit, and it was dark when the police arrested Johnson.

Bill Hunt testified that he is a private investigator and that Johnson hired him in connection with this case. He went to the scene of the arrest the night before the trial. He testified that the area around the pay phone was very dark and was not well lit. He attempted to take photographs of the scene, but it was too dark.

## SUFFICIENCY OF THE EVIDENCE

■ Johnson asserts that the evidence is insufficient to show that he possessed the cocaine with the intent to deliver it. In analyzing the sufficiency of the evidence, this Court limits its inquiry to determining whether, examining the evidence in the light most favorable to the verdict, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 428 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

■ The indictment alleged that Johnson knowingly and intentionally possessed, with the intent to deliver, a controlled substance, namely: cocaine, in an amount by aggregate weight, including any adulterants or diluents, of less than 28 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.-112(a), (b) (Vernon Pamph.1992). To prove the unlawful possession of a controlled substance, the State must show: (1) that the accused exercised care, control, and management over the substance; and (2) that the accused knew the matter possessed was contraband. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Crim.App.1983). If conflicting inferences concerning Johnson's intent exist, this Court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

Harris saw Johnson put the paper sack containing forty-six individual baggies of a

substance that appeared to be cocaine in the phone booth. According to Harris, Johnson admitted possessing the contraband and said he was holding it for T. Walker. The offense occurred in a known drug area. Harris testified that drug dealers often use the pay phone in which Johnson put the paper sack because it is one of the only pay phones in that area of Dallas that will service incoming calls. McCoy, a cocaine-distribution expert, testified that forty-six individual baggies of cocaine was worth nine hundred and twenty dollars. He stated that addicts are fully aware of the price break and that they would not buy cocaine already packaged because they could buy the same amount in a solid piece for a hundred and fifty dollars. Therefore, based on his training and experience, McCoy concluded that Johnson was selling the cocaine for twenty dollars for each baggie.

Reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. The record before us supports conflicting inferences concerning Johnson's intent while he possessed the cocaine. Accordingly, we defer to the trier of facts' resolution of the conflict in favor of the prosecution. *See Matson*, 819 S.W.2d at 846. We overrule Johnson's point.

We affirm the trial court's judgment.