NO. 07-01-0062-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 29, 2001



______________________________




RONALD MICHAEL TROPEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,718-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Following his plea of not guilty, appellant Ronald Michael Tropez was convicted by
a jury of possession with intent to deliver a controlled substance and punishment was
assessed at 20 years confinement. Presenting two issues, appellant challenges the legal
and factual sufficiency of the evidence to support his conviction. Based upon the rationale
expressed herein, we affirm.

 On March 30, 1999, pursuant to a search warrant, members of the Amarillo SWAT
team forcibly entered appellant's home. Appellant, his common law wife, Shasha
Richardson, and their one-year old daughter were in the living room at the time. Appellant
and Shasha were handcuffed and instructed to get on the floor while officers conducted
a search. Officer George Williams discovered four plastic bags containing crack cocaine
in the battery pack of a purple Barney stuffed toy located in a walk-in closet in the
bedroom. Appellant was helped off the living room floor and escorted to the bedroom
where he was asked to give a statement after his constitutional rights were administered. 
Appellant and Officers Herrington and Elsis proceeded to the closet where appellant made
the following statement with two initialed corrections, which was transcribed verbatim by
Elsis:

 My name is Ronald Michael Tropez. I am 21 years old. My birthday is 11-29-77. I live at 3010 W. 7th B, Amarillo, Tx. All the dope found in the house
is mine. I put the dope in plastic bags after somebody who I don't know gave
it to me. I put the dope in a toy, a Barney, it was purple. I put it there
because I did not want anyone to find it. The other day somebody tried to
break in my house, that's why I hid the dope. Other people put money in on
it and I was going to give them their share and keep mine and smoke it. I
bought 14 grams of crack for $350 from a person I don't know. 


Appellant signed the statement and Officer Herrington testified it was given freely and
voluntarily.

 Shasha testified that the "dope" was not hers, but she did hear appellant tell the
officers that it belonged to him. She claimed that the officers threatened to call Child
Protective Services to take her baby and place her and appellant in jail. According to her
testimony, the officers took appellant inside the closet and shut the door. When appellant
came out of the closet she noticed he was upset and crying.

 Appellant, age 23 at the time of trial, testified that he had been using drugs since
he was 17. He testified that he finally admitted ownership of the crack cocaine because
an officer took a phone out and threatened to call Child Protective Services to take his
baby and also threatened to put him and Shasha in jail. Contrary to his written and signed
statement, at trial appellant testified that he had stolen the crack from someone else for
his own personal use. He denied that others had "put money in on it" or that he had paid
$350 for it. He claimed he was too upset at the time he gave his statement to pay attention
to its content.

 By his two issues, appellant contends the evidence is legally and factually
insufficient to support his conviction. We disagree. When both the legal and factual
sufficiency of the evidence are challenged, we must first determine whether the evidence
is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133
(Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted
of a crime unless it is shown beyond a reasonable doubt that the defendant committed
each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting
a legal sufficiency review, we must determine whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d
154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State, 28 S.W.3d
570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror,
but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but must avoid substituting our judgment for that of the fact
finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is sufficient to sustain the conviction, we
must review the essential elements the State was required to prove. Deliver means to
transfer, knowingly or intentionally, to another a controlled substance. Tex. Health &
Safety Code Ann. § 481.002(8) and 481.112(a) (Vernon Supp. 2001). Section 6.03(a) of
the Texas Penal Code (Vernon 1994) defines the culpable mental state of "intentionally"
as follows: 

 A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.


Intent to deliver may be proven by circumstantial evidence and is a question of fact to be
determined by the trier of fact. Avila v. State, 15 S.W.3d 568, 573 (Tex.App.-Houston
[14th Dist.] 2000, no pet.). It may be inferred from the acts, words, or conduct of the
accused. Puente v. State, 888 S.W.2d 521, 527 (Tex.App.-San Antonio 1994, no pet.). 
Factors considered in establishing intent to deliver include (1) the nature of the place the
defendant was arrested; (2) the quantity of narcotics possessed by the defendant; (3) the
manner of packaging; (4) drug paraphernalia; (5) a large amount of cash; and (6)
defendant's status as a drug user. Williams v. State, 902 S.W.2d 505, 506
(Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). 

 In determining the legal sufficiency of the evidence to show appellant's intent or
knowledge, and faced with a record that supports conflicting inferences, we must
presume-even if it does not affirmatively appear in the record-that the trier of fact resolved
any such conflict in favor of the prosecution and must defer to that resolution. Couchman
v. State, 3 S.W.3d 155, 163 (Tex.App.-Fort Worth 1999, pet. ref'd), citing Mason v. State,
819 S.W.2d 839, 846 (Tex.Cr.App. 1991); see also Johnson v. State, 829 S.W.2d 836, 837
(Tex.App.-Dallas 1992, no pet.). Further, in circumstantial evidence cases it is not
necessary that every fact point directly and independently to the accused's guilt; it is
enough if the conclusion is warranted by the combined and cumulative force of all the
incriminating circumstances. Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993),
cert. denied, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994).

 Appellant does not dispute that he possessed the crack cocaine. He contended at
the time it was discovered and also when he testified at trial that it was for his own personal
use and not for sale. However, according to Officer Herrington, a 13-year veteran and a
member of the SWAT team, appellant said he was going to sell the crack cocaine. 
Herrington testified that he had been involved in many narcotics investigations and had
been to DEA school and received training from the DPS Narcotics Task Force. In his
statement, appellant claimed to be in possession of 14 grams of crack cocaine. In
Herrington's expert opinion, 14 grams of crack cocaine is a "dealer's amount." Expert
testimony corroborating possession of a large quantity of cocaine is sufficient to establish
intent to deliver. Morrow v. State, 757 S.W.2d 484, 487-88 (Tex.App.-Houston [1st Dist.]
1988, pet. ref'd); see also Mack v. State, 859 S.W.2d 526, 527 (Tex.App.-Houston [1st
Dist.] 1993, no pet.) (upholding a conviction for intent to deliver with only 8.9 grams of
crack cocaine and no paraphernalia for smoking or otherwise using the cocaine); see
generally Tex. Health & Safety Code Ann. § 481.183 (Vernon 1992) (providing that for the
purpose of establishing delivery of a controlled substance, proof of an offer to sell must be
corroborated by a person other than the offeree or by evidence other than a statement of
the offeree). 

 An expert witness in the field of chemistry employed by DPS testified that he
analyzed the narcotics taken from appellant's home and determined it to be 11.23 grams
of a cocaine substance. Delivery of a controlled substance of four grams or more but less
than 200 grams is a first degree felony. Tex. Health & Safety Code Ann. § 481.112(d). 
Based on the combined and cumulative force of all the incriminating evidence, we find that
it is legally sufficient to support appellant's conviction for intent to deliver a controlled
substance. (1) Issue one is overruled. 


 Concluding that the evidence is legally sufficient to support the verdict, we must now
determine, after a neutral review of all the evidence, whether it is factually sufficient to
support the verdict. Johnson, 23 S.W.3d at 11. The trier of fact is the exclusive judge of
the facts, the credibility of the witnesses, and the weight to be given to their testimony, and
can choose to believe or not believe the witnesses or any portion of their testimony. Sharp
v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986), cert. denied, 488 U.S. 872, 109 S.Ct.
190, 102 L.Ed.2d 159 (1988). The reconciliation of any conflicts in the evidence is within
the province of the jury. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982).

 The State established that appellant was in possession of 11.23 grams of crack
cocaine and that he intended to sell it. The officers at the scene when the warrant was
executed testified that appellant voluntarily made a statement and admitted that he
purchased the narcotics from a stranger for $350 and that he and "other people had put
money in on it and [he] was going to give them their share." Although appellant claimed
he was going to keep his share and smoke it, no paraphernalia for smoking or otherwise
using the crack cocaine was discovered in appellant's home to support his contention that
the narcotics were for his personal use. Officer Elsis was recalled after the defense rested
to confirm that appellant's statement was taken word for word from appellant and that
appellant read the statement and made corrections. 

 The defense presented testimony from appellant and Shasha. They both testified
that appellant was threatened with losing his baby if he did not give a statement. At trial
appellant offered a contrary explanation for his possession of the crack cocaine contending
he had stolen it from a friend for his own personal use. Although appellant could not say
that Officer Elsis lied when taking down his statement, he claimed certain parts of his
statement were not what he told him to write. He was upset and crying at the time he gave
his statement because he knew he was in trouble and was not able to pay attention to his
statement. Although two initialed corrections appear on the written statement, appellant
claimed that he did not read his statement for clarification. Upon recross-examination,
appellant admitted that when he gave his statement he was unaware of the difference in
punishment ranges for possession versus possession with intent to deliver. He explained
that while in jail awaiting trial, he researched the difference in punishment ranges. 
Although conflicting evidence was presented, the jury was entitled to reconcile the
differences and accept one version of the facts and reject the other. Sharp, 707 S.W.2d
at 614. After reviewing all the record evidence under Johnson, 23 S.W.3d at 11, and
without substituting our own judgment, we conclude that the evidence is factually sufficient
to support the verdict. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.

1. Counsel for appellant refers us to a note from the jury requesting a definition of
reasonable doubt during deliberations. The record does not reflect that the trial court
responded to the jury's inquiry as required by article 36.27 of the Texas Code of Criminal
Procedure. However, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000), has
eliminated the requirement that reasonable doubt be defined in the charge.