NO. 07-01-0062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 29, 2001

_____

RONALD MICHAEL TROPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,718-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Ronald Michael Tropez was convicted by a jury of possession with intent to deliver a controlled substance and punishment was assessed at 20 years confinement. Presenting two issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Based upon the rationale expressed herein, we affirm.

On March 30, 1999, pursuant to a search warrant, members of the Amarillo SWAT team forcibly entered appellant's home. Appellant, his common law wife, Shasha Richardson, and their one-year old daughter were in the living room at the time. Appellant and Shasha were handcuffed and instructed to get on the floor while officers conducted a search. Officer George Williams discovered four plastic bags containing crack cocaine in the battery pack of a purple Barney stuffed toy located in a walk-in closet in the bedroom. Appellant was helped off the living room floor and escorted to the bedroom where he was asked to give a statement after his constitutional rights were administered. Appellant and Officers Herrington and Elsis proceeded to the closet where appellant made the following statement with two initialed corrections, which was transcribed verbatim by Elsis:

> My name is Ronald Michael Tropez. I am 21 years old. My birthday is 11-29-77. I live at 3010 W. 7th B, Amarillo, Tx. All the dope found in the house is mine. I put the dope in plastic bags after somebody who I don't know gave it to me. I put the dope in a toy, a Barney, it was purple. I put it there because I did not want anyone to find it. The other day somebody tried to break in my house, that's why I hid the dope. Other people put money in on it and I was going to give them their share and keep mine and smoke it. I bought 14 grams of crack for $350 from a person I don't know.

Appellant signed the statement and Officer Herrington testified it was given freely and voluntarily.

Shasha testified that the "dope" was not hers, but she did hear appellant tell the officers that it belonged to him. She claimed that the officers threatened to call Child

2

Protective Services to take her baby and place her and appellant in jail. According to her testimony, the officers took appellant inside the closet and shut the door. When appellant came out of the closet she noticed he was upset and crying.

Appellant, age 23 at the time of trial, testified that he had been using drugs since he was 17. He testified that he finally admitted ownership of the crack cocaine because an officer took a phone out and threatened to call Child Protective Services to take his baby and also threatened to put him and Shasha in jail. Contrary to his written and signed statement, at trial appellant testified that he had stolen the crack from someone else for his own personal use. He denied that others had "put money in on it" or that he had paid $350 for it. He claimed he was too upset at the time he gave his statement to pay attention to its content.

By his two issues, appellant contends the evidence is legally and factually insufficient to support his conviction. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the

3

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review.  *Clewis*, 922 S.W.2d at 133.  The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred.  *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

4

Before determining whether the evidence is sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Deliver means to transfer, knowingly or intentionally, to another a controlled substance. Tex. Health & Safety Code Ann. § 481.002(8) and 481.112(a) (Vernon Supp. 2001). Section 6.03(a) of the Texas Penal Code (Vernon 1994) defines the culpable mental state of "intentionally" as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Intent to deliver may be proven by circumstantial evidence and is a question of fact to be determined by the trier of fact. Avila v. State, 15 S.W.3d 568, 573 (Tex.App.–Houston [14th Dist.] 2000, no pet.). It may be inferred from the acts, words, or conduct of the accused. Puente v. State, 888 S.W.2d 521, 527 (Tex.App.–San Antonio 1994, no pet.). Factors considered in establishing intent to deliver include (1) the nature of the place the defendant was arrested; (2) the quantity of narcotics possessed by the defendant; (3) the manner of packaging; (4) drug paraphernalia; (5) a large amount of cash; and (6) defendant's status as a drug user. Williams v. State, 902 S.W.2d 505, 506 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd).

In determining the legal sufficiency of the evidence to show appellant's intent or knowledge, and faced with a record that supports conflicting inferences, we must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved

5

any such conflict in favor of the prosecution and must defer to that resolution. Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.–Fort Worth 1999, pet. ref'd), citing Mason v. State, 819 S.W.2d 839, 846 (Tex.Cr.App. 1991); see also Johnson v. State, 829 S.W.2d 836, 837 (Tex.App.–Dallas 1992, no pet.). Further, in circumstantial evidence cases it is not necessary that every fact point directly and independently to the accused's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993), cert. denied, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994).

Appellant does not dispute that he possessed the crack cocaine. He contended at the time it was discovered and also when he testified at trial that it was for his own personal use and not for sale. However, according to Officer Herrington, a 13-year veteran and a member of the SWAT team, appellant said he was going to sell the crack cocaine. Herrington testified that he had been involved in many narcotics investigations and had been to DEA school and received training from the DPS Narcotics Task Force. In his statement, appellant claimed to be in possession of 14 grams of crack cocaine. In Herrington's expert opinion, 14 grams of crack cocaine is a "dealer's amount." Expert testimony corroborating possession of a large quantity of cocaine is sufficient to establish intent to deliver. Morrow v. State, 757 S.W.2d 484, 487-88 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd); see also Mack v. State, 859 S.W.2d 526, 527 (Tex.App.–Houston [1st Dist.] 1993, no pet.) (upholding a conviction for intent to deliver with only 8.9 grams of crack cocaine and no paraphernalia for smoking or otherwise using the cocaine); see

6

*generally* Tex. Health & Safety Code Ann. § 481.183 (Vernon 1992) (providing that for the purpose of establishing delivery of a controlled substance, proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree).

An expert witness in the field of chemistry employed by DPS testified that he analyzed the narcotics taken from appellant's home and determined it to be 11.23 grams of a cocaine substance. Delivery of a controlled substance of four grams or more but less than 200 grams is a first degree felony. Tex. Health & Safety Code Ann. § 481.112(d). Based on the combined and cumulative force of all the incriminating evidence, we find that it is legally sufficient to support appellant's conviction for intent to deliver a controlled substance.[1] Issue one is overruled.

Concluding that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. The trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony, and can choose to believe or not believe the witnesses or any portion of their testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct.

---

[1]Counsel for appellant refers us to a note from the jury requesting a definition of reasonable doubt during deliberations. The record does not reflect that the trial court responded to the jury's inquiry as required by article 36.27 of the Texas Code of Criminal Procedure. However, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000), has eliminated the requirement that reasonable doubt be defined in the charge.

190, 102 L.Ed.2d 159 (1988). The reconciliation of any conflicts in the evidence is within the province of the jury. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982).

The State established that appellant was in possession of 11.23 grams of crack cocaine and that he intended to sell it. The officers at the scene when the warrant was executed testified that appellant voluntarily made a statement and admitted that he purchased the narcotics from a stranger for $350 and that he and "other people had put money in on it and [he] was going to give them their share." Although appellant claimed he was going to keep his share and smoke it, no paraphernalia for smoking or otherwise using the crack cocaine was discovered in appellant's home to support his contention that the narcotics were for his personal use. Officer Elsis was recalled after the defense rested to confirm that appellant's statement was taken word for word from appellant and that appellant read the statement and made corrections.

The defense presented testimony from appellant and Shasha. They both testified that appellant was threatened with losing his baby if he did not give a statement. At trial appellant offered a contrary explanation for his possession of the crack cocaine contending he had stolen it from a friend for his own personal use. Although appellant could not say that Officer Elsis lied when taking down his statement, he claimed certain parts of his statement were not what he told him to write. He was upset and crying at the time he gave his statement because he knew he was in trouble and was not able to pay attention to his statement. Although two initialed corrections appear on the written statement, appellant

8

claimed that he did not read his statement for clarification.  Upon recross-examination, appellant admitted that when he gave his statement he was unaware of the difference in punishment ranges for possession versus possession with intent to deliver.  He explained that while in jail awaiting trial, he researched the difference in punishment ranges. Although conflicting evidence was presented, the jury was entitled to reconcile the differences and accept one version of the facts and reject the other.  *Sharp*, 707 S.W.2d at 614.  After reviewing all the record evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our own judgment, we conclude that the evidence is factually sufficient to support the verdict.  Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.