NO. 07-05-0029-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 7, 2006


______________________________



AARON FLORES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2004-488,881; HON. LARRY B. LADD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Alleging ineffective assistance of counsel, appellant attacks his conviction for
assault/domestic violence. Counsel was purportedly ineffective because he did not
disclose to appellant a plea offer made by the State and failed to conduct a proper
investigation. We overrule the issue and affirm the judgment for the following reasons.

 First, one alleging that his counsel was ineffective has the burden to prove not only
deficient performance but also prejudice. Andrews v. State, 159 S.W.3d 98, 101 (Tex.
Crim. App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If either or
both requirements of the test go unsatisfied, then the claim must be rejected. Bone v.
State, 77 S.W.3d at 833 n.8. Here, appellant did not attempt to show how any of the
purported deficiencies about which he complains created a reasonable probability that the
result of his trial would have differed. That matter went unaddressed in his brief. 
Consequently, he failed to carry his burden of proof. Dennis v. State, 151 S.W.3d 745, 752
(Tex. App.-Amarillo 2004, pet. ref'd) (rejecting a claim of ineffective assistance when
appellant failed to brief the topic of prejudice).

 Second, the claim of ineffectiveness must be firmly founded in the record. 
Thompson v. State, 3 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, the record fails to
disclose the contents of the purported plea offer. Given this, we have no basis to assess
whether he was harmed. Indeed, it may well be that the offer involved punishment more
onerous than that ultimately levied. We do not know and cannot speculate on it.

 Nor are we cited to evidence of record illustrating that appellant would have
accepted the offer had he been told of it, assuming of course appellant was not told of it. 
This too is fatal to appellant's contention. See Dickerson v. State, 87 S.W.3d 632, 638
(Tex. App.-San Antonio 2002, no pet.) (holding that an appellant must show that he would
have accepted the plea offer). 

 Finally, regarding the allegation that counsel failed to undertake sufficient
investigation on behalf of appellant, the latter does not inform us of what, if anything,
further investigation would have uncovered. Nor does he explain how any matter
discovered, had such an investigation occurred, would have benefitted him. This too
renders his contentions deficient. See Rodriguez v. State, 74 S.W.3d 563, 566 (Tex.
App.-Amarillo 2002, pet. ref'd) (holding that an abuse of discretion cannot be found in
rejecting a claim of ineffective assistance when appellant does not illustrate how the failure
to secure evidence would have benefitted his defense). 

 Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial 
court.


 Brian Quinn 

 Chief Justice 


Do not publish.



ds the evidence is legally and factually
insufficient to support his conviction. We disagree. When both the legal and factual
sufficiency of the evidence are challenged, we must first determine whether the evidence
is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133
(Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted
of a crime unless it is shown beyond a reasonable doubt that the defendant committed
each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting
a legal sufficiency review, we must determine whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d
154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State, 28 S.W.3d
570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror,
but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but must avoid substituting our judgment for that of the fact
finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is sufficient to sustain the conviction, we
must review the essential elements the State was required to prove. Deliver means to
transfer, knowingly or intentionally, to another a controlled substance. Tex. Health &
Safety Code Ann. § 481.002(8) and 481.112(a) (Vernon Supp. 2001). Section 6.03(a) of
the Texas Penal Code (Vernon 1994) defines the culpable mental state of "intentionally"
as follows: 

 A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.


Intent to deliver may be proven by circumstantial evidence and is a question of fact to be
determined by the trier of fact. Avila v. State, 15 S.W.3d 568, 573 (Tex.App.-Houston
[14th Dist.] 2000, no pet.). It may be inferred from the acts, words, or conduct of the
accused. Puente v. State, 888 S.W.2d 521, 527 (Tex.App.-San Antonio 1994, no pet.). 
Factors considered in establishing intent to deliver include (1) the nature of the place the
defendant was arrested; (2) the quantity of narcotics possessed by the defendant; (3) the
manner of packaging; (4) drug paraphernalia; (5) a large amount of cash; and (6)
defendant's status as a drug user. Williams v. State, 902 S.W.2d 505, 506
(Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). 

 In determining the legal sufficiency of the evidence to show appellant's intent or
knowledge, and faced with a record that supports conflicting inferences, we must
presume-even if it does not affirmatively appear in the record-that the trier of fact resolved
any such conflict in favor of the prosecution and must defer to that resolution. Couchman
v. State, 3 S.W.3d 155, 163 (Tex.App.-Fort Worth 1999, pet. ref'd), citing Mason v. State,
819 S.W.2d 839, 846 (Tex.Cr.App. 1991); see also Johnson v. State, 829 S.W.2d 836, 837
(Tex.App.-Dallas 1992, no pet.). Further, in circumstantial evidence cases it is not
necessary that every fact point directly and independently to the accused's guilt; it is
enough if the conclusion is warranted by the combined and cumulative force of all the
incriminating circumstances. Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993),
cert. denied, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994).

 Appellant does not dispute that he possessed the crack cocaine. He contended at
the time it was discovered and also when he testified at trial that it was for his own personal
use and not for sale. However, according to Officer Herrington, a 13-year veteran and a
member of the SWAT team, appellant said he was going to sell the crack cocaine. 
Herrington testified that he had been involved in many narcotics investigations and had
been to DEA school and received training from the DPS Narcotics Task Force. In his
statement, appellant claimed to be in possession of 14 grams of crack cocaine. In
Herrington's expert opinion, 14 grams of crack cocaine is a "dealer's amount." Expert
testimony corroborating possession of a large quantity of cocaine is sufficient to establish
intent to deliver. Morrow v. State, 757 S.W.2d 484, 487-88 (Tex.App.-Houston [1st Dist.]
1988, pet. ref'd); see also Mack v. State, 859 S.W.2d 526, 527 (Tex.App.-Houston [1st
Dist.] 1993, no pet.) (upholding a conviction for intent to deliver with only 8.9 grams of
crack cocaine and no paraphernalia for smoking or otherwise using the cocaine); see
generally Tex. Health & Safety Code Ann. § 481.183 (Vernon 1992) (providing that for the
purpose of establishing delivery of a controlled substance, proof of an offer to sell must be
corroborated by a person other than the offeree or by evidence other than a statement of
the offeree). 

 An expert witness in the field of chemistry employed by DPS testified that he
analyzed the narcotics taken from appellant's home and determined it to be 11.23 grams
of a cocaine substance. Delivery of a controlled substance of four grams or more but less
than 200 grams is a first degree felony. Tex. Health & Safety Code Ann. § 481.112(d). 
Based on the combined and cumulative force of all the incriminating evidence, we find that
it is legally sufficient to support appellant's conviction for intent to deliver a controlled
substance. (1) Issue one is overruled. 


 Concluding that the evidence is legally sufficient to support the verdict, we must now
determine, after a neutral review of all the evidence, whether it is factually sufficient to
support the verdict. Johnson, 23 S.W.3d at 11. The trier of fact is the exclusive judge of
the facts, the credibility of the witnesses, and the weight to be given to their testimony, and
can choose to believe or not believe the witnesses or any portion of their testimony. Sharp
v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986), cert. denied, 488 U.S. 872, 109 S.Ct.
190, 102 L.Ed.2d 159 (1988). The reconciliation of any conflicts in the evidence is within
the province of the jury. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982).

 The State established that appellant was in possession of 11.23 grams of crack
cocaine and that he intended to sell it. The officers at the scene when the warrant was
executed testified that appellant voluntarily made a statement and admitted that he
purchased the narcotics from a stranger for $350 and that he and "other people had put
money in on it and [he] was going to give them their share." Although appellant claimed
he was going to keep his share and smoke it, no paraphernalia for smoking or otherwise
using the crack cocaine was discovered in appellant's home to support his contention that
the narcotics were for his personal use. Officer Elsis was recalled after the defense rested
to confirm that appellant's statement was taken word for word from appellant and that
appellant read the statement and made corrections. 

 The defense presented testimony from appellant and Shasha. They both testified
that appellant was threatened with losing his baby if he did not give a statement. At trial
appellant offered a contrary explanation for his possession of the crack cocaine contending
he had stolen it from a friend for his own personal use. Although appellant could not say
that Officer Elsis lied when taking down his statement, he claimed certain parts of his
statement were not what he told him to write. He was upset and crying at the time he gave
his statement because he knew he was in trouble and was not able to pay attention to his
statement. Although two initialed corrections appear on the written statement, appellant
claimed that he did not read his statement for clarification. Upon recross-examination,
appellant admitted that when he gave his statement he was unaware of the difference in
punishment ranges for possession versus possession with intent to deliver. He explained
that while in jail awaiting trial, he researched the difference in punishment ranges. 
Although conflicting evidence was presented, the jury was entitled to reconcile the
differences and accept one version of the facts and reject the other. Sharp, 707 S.W.2d
at 614. After reviewing all the record evidence under Johnson, 23 S.W.3d at 11, and
without substituting our own judgment, we conclude that the evidence is factually sufficient
to support the verdict. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.

1. Counsel for appellant refers us to a note from the jury requesting a definition of
reasonable doubt during deliberations. The record does not reflect that the trial court
responded to the jury's inquiry as required by article 36.27 of the Texas Code of Criminal
Procedure. However, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000), has
eliminated the requirement that reasonable doubt be defined in the charge.