

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CALEB HERRERA MUNOZ, | § | No. 08-23-00084-CR |
| Appellant, | § | Appeal from the |
| v. | § | 39th Judicial District Court |
| THE STATE OF TEXAS, | § | of Throckmorton County, Texas |
| Appellee. | § | (TC# 1302) |
| | § | |

## MEMORANDUM OPINION

Appellant Caleb Herrera Munoz was convicted by a jury of possession with the intent to deliver a controlled substance, namely methamphetamine, in an aggregate weight of 4 grams or more but less than 200 grams. He was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for 87½ years and was fined $10,000. In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support the element of "intent to deliver." For the following reasons, we affirm.

## STATEMENT OF FACTS

Throckmorton County Sheriff Doc Wigington (the Sheriff), responded to a reckless driving call and identified Appellant, who was stopped on a roadway facing a private driveway. The

Sheriff approached Appellant while Appellant "was messing with his tire" and asked him for his driver's license. Appellant stated he did not have a license. The Sheriff then asked Appellant for his name and date of birth. As the Sheriff searched the state database using the name and birthdate Appellant provided, Appellant re-entered his vehicle. The database yielded no results for the name and birthdate Appellant provided, so the Sheriff asked Appellant for another form of identification, whereupon Appellant "put the car in drive" and drove up the private driveway through a barbwire fence on the west side of the property. The Sheriff chased Appellant in his patrol vehicle until Appellant drove the car into a water gully, exited the vehicle, and proceeded on foot. Eventually, Appellant stopped behind a tank dam and was instructed not to move. Ignoring the instructions, Appellant fled on foot once more until he became stuck in thick mud, allowing the Sheriff to take him into custody. The vehicle Appellant had been driving was towed to the Sheriff's office and inventoried.

At trial, the Sheriff testified that the location where Appellant was arrested was private property, characterized as pastureland and surrounded by barbwire. He testified that he learned from another deputy's inventory report that the vehicle Appellant had been driving contained ammunition. Based on this information, the Sheriff called for a Texas Parks and Wildlife Department K-9 in hopes of having the K-9 detect evidence at the scene where Appellant was arrested.[1] Derek Nalls, the K-9 handler, testified about the training and procedures he and the K-9 follow to prepare for and conduct a search. He detailed the search they conducted in this case,

[1] The court sustained a motion in limine as to testimony from the Sheriff that any evidence found by the K-9 conclusively came from Appellant. The State's theory is based on circumstantial evidence that links Appellant to the dropped items found in the area where the chase occurred and where Appellant was arrested. The fact that the area was vacant pastureland further linked Appellant to the dropped items. On appeal, Appellant does not challenge the jury's finding that he possessed the methamphetamine.

which took place the day after Appellant's apprehension at the location where Appellant led the Sheriff on the chase. During the search, the K-9 discovered a black baseball cap that resembled the cap Appellant was wearing during the chase and a pack containing a clear plastic bag. Inside the clear bag was what was later determined to be methamphetamine. Christina Coucke-Garza, the forensic chemist who conducted the analysis of the substance inside the clear bag, confirmed that the substance amounted to 52.369 grams of methamphetamine.

The Sheriff searched the vehicle pursuant to a search warrant, which he obtained a few days after apprehending Appellant. He testified that the search revealed a small amount, less than a gram, of methamphetamine in a cellophane package. The Sheriff further testified that in the vehicle, he also found a vape, a marijuana grinder, a torch lighter, small rolling papers, and a small bag of "what . . . appeared to be . . . cocaine," although it was not tested for verification.

Over Appellant's objection, the Sheriff was designated as an expert witness, and he testified that throughout his career, he had handled over 500 narcotics investigations.[2] He testified that in his experience, he has seen cases involving possession of methamphetamine for personal use in amounts ranging anywhere from less than a gram to less than 200 grams. Of those cases in Throckmorton County, he testified that a "large percentage" involve just under a gram of methamphetamine. The State argued in closing that based on this evidence, the quantity of methamphetamine Appellant possessed was inconsistent with personal use, as it was over 52 times the amount normally found in personal-use cases in Throckmorton County. Further, the State cited Appellant's possession of drug paraphernalia in the vehicle and his consciousness of guilt—

---

[2] While Appellant objected to the Sheriff's designation as an expert witness in so far as he might be considered a personal-drug-use expert, he did not take issue with the Sheriff's ability to testify to his experience in narcotics investigations and arrests in terms of general drug quantities, e.g., "When I'm dealing with someone that has, you know, a hit of methamphetamine, it's generally in this weight range." In other words, Appellant's (running) objection was to the Sheriff extrapolating about personal use from the information about which he was competent to testify.

evinced by the false identification he provided the Sheriff and his decision to flee from the Sheriff to dispose of the methamphetamine in vacant pastureland—to support a finding that Appellant possessed the methamphetamine with the intent to deliver.

The jury returned a verdict against Appellant and assessed punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for 87½ years and a fine of $10,000. Appellant's sole issue on appeal is that there was insufficient evidence from which a rational jury could have inferred Appellant's intent to deliver methamphetamine. He argues the jury's verdict is unfounded, as there is no evidence that Appellant is a known drug dealer or that he was arrested in an area known for its drug activity. Additionally, Appellant argues that the methamphetamine recovered from the scene of the chase was not packaged in a manner consistent with resale, as it was all in a single bag as opposed to several bags, and the State's expert's testimony is inadequate to support the inference that the methamphetamine was intended for delivery. Finally, there were no devices recovered from the vehicle that are commonly associated with a drug dealer's trade—such as scales, ledgers, wads of cash, etc.—and the drug paraphernalia that was recovered indicated only that Appellant was a user and not a distributor of drugs.

## STANDARD OF REVIEW AND APPLICABLE LAW

The Fourteenth Amendment's due-process guarantee requires that legally sufficient evidence support every conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In a legal-sufficiency challenge, we focus solely on whether the evidence, when viewed in the light most favorable to the verdict, would permit any rational fact-finder to find the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19; *Brooks*, 323 S.W.3d at 912 (establishing legal sufficiency under *Jackson v. Virginia* as the only standard for review of the evidence).

Applying that standard, we recognize the fact-finder as the sole arbiter of witness credibility and the weight attached to witness testimony. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Only the fact-finder acts "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Jackson*, 443 U.S. at 319). In doing so, the fact-finder may choose to believe or disbelieve any testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). When the record supports conflicting inferences, we presume that the fact-finder resolved the conflicts in favor of the verdict and defer to that determination. *Dobbs*, 434 S.W.3d at 170 (citing *Jackson*, 443 U.S. at 319). In conducting a legal-sufficiency review, "[w]e are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt[.]" *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex. Crim. App. 1988) (en banc). Instead, "we test the evidence to see if it is at least conclusive enough for a reasonable fact-finder to believe based on the evidence that the element is established beyond a reasonable doubt." *Id.* (quoting *Jackson*, 443 U.S. at 318).

In reviewing the legal sufficiency of the evidence, "[c]ircumstantial evidence and direct evidence are equally probative, and either one alone can be sufficient to establish guilt." *Ratliff v. State*, 663 S.W.3d 106, 113 (Tex. Crim. App. 2022). "In circumstantial evidence cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (citation and internal quotation marks omitted).

Appellant challenges his conviction of possession with the intent deliver methamphetamine in an amount of 4 grams or more but less than 200 grams, arguing the evidence is insufficient to establish his intent to deliver. In Texas, a person commits the crime of possession with the intent to deliver a controlled substance when he or she knowingly or intentionally possesses the controlled substance with the intent to "deliver" it, i.e., to transfer the controlled substance, actually or constructively, to another. TEX. HEALTH & SAFETY CODE ANN. § 481.002, 481.112(a). "[I]ntent to deliver" is a question of fact for the jury, and it may be inferred by the acts, words, or conduct of the accused. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.); *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (en banc). The intent requirement can be proved by circumstantial evidence, such as "the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia, whether the defendant possessed a large amount of cash, and the defendant's status as a drug user." *Hughitt v. State*, 539 S.W.3d 531, 542 (Tex. App.—Eastland 2018), *aff'd*, 583 S.W.3d 623 (Tex. Crim. App. 2019). Moreover, intent to deliver can be established by the expert testimony of experienced law enforcement officers. *Id.* "The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense." *Moreno v. State*, 195 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Thus, in some cases, possession of a large quantity of drugs alone can be sufficient to prove intent to deliver if that evidence is accompanied by expert testimony that the amount at issue is indicative of the intent to deliver. *Simmons v. State*, 100 S.W.3d 484, 491 (Tex. App.—Texarkana 2003, pet. ref'd).

## ANALYSIS

In response to Appellant's brief, the State argues the evidence is sufficient to support the jury's verdict because (1) Appellant possessed a larger and smaller bag of methamphetamine, indicating an intent to divide the larger amount into smaller amounts for resale; (2) Appellant possessed more methamphetamine than is customary for a mere user; (3) expert testimony from the Sheriff revealed that a "large percentage" of possession of methamphetamine cases in Throckmorton County involve less than a gram; and (4) Appellant possessed drug paraphernalia—namely, a marijuana grinder, a torch lighter, a vape, and rolling papers—that indicate Appellant is a marijuana user, allowing the jury to infer that the methamphetamine was for sale and not for personal use. We address each point in turn, viewing the evidence in a light most favorable to the jury's verdict, as we are required to do.

First, the State argues that evidence Appellant possessed 52.369 grams of methamphetamine along with a smaller, separately packaged quantity is indicative of Appellant's intent to deliver. Courts have found that the manner of packaging is a relevant factor in determining whether drugs were intended for delivery as opposed to mere personal consumption. *E.g.*, *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A larger quantity of drugs packaged into smaller quantities for resale has been found to be evidence of the practice of dealing. *Hughitt*, 539 S.W.3d at 542 (finding that evidence of a gallon ziplock bag with methamphetamine residue indicated that at one time, the defendant possessed a larger amount and was distributing it); *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (finding that evidence of small plastic bags used for drug packaging was indicative of defendant's intent to deliver). At one point in trial, the Sheriff testified without objection that when he searched Appellant's vehicle, he found a small amount of methamphetamine, estimated to

7

weigh about less than a gram, in a cellophane package located in the "doorjamb" area of the vehicle. From that testimony, a jury could have reasonably inferred that Appellant's larger and smaller quantities of methamphetamine are indicative of Appellant's intent to deliver rather than personally use the 52.369 grams of the drug, as he could have intended on dividing up the larger amount into additional smaller amounts for resale.

Moreover, courts have found that the quantity of drugs alone, when coupled with expert testimony on the subject, can support a finding of intent to deliver. *Simmons v. State*, 100 S.W.3d 484, 491 (Tex. App.—Texarkana 2003, pet. ref'd). In the State's view, Appellant possessed an amount methamphetamine atypical for a mere user. At trial, the Sheriff testified of his over 500 narcotics investigation cases, a large percentage of the personal-use cases involve less than one gram, which the State contrasted with the over 52 grams of the drug in Appellant's case. The relevant portion of the State's direct examination of the Sheriff is as follows:

[THE STATE]: Okay. What—typically, what do you see in your training and experience when you run across methamphetamine in personal use amounts?

A. In my experience, I've investigated cases from less than one gram all the way up to—the typical amount is anywhere from less than one gram up to about, you know, less than 200 grams.

Q. Okay. That's your experience of the investigations you've done?

A. In Throckmorton County. I have investigated cases from less than one gram all the way up to kilos.

Q. Okay. So regarding—would you have any idea how many cases you've dealt with that are less than a gram? What percentage of possession of methamphetamine cases you've had that are less than a gram?

[DEFENSE COUNSEL]: Objection. Relevance, Judge.

THE COURT: Mr. Fouts?

8

[THE STATE]: Judge, it's relevant. It's a drug case we are talking about.

THE COURT: The Court's going to overrule the objection. You can answer the question.

A. I would say a large percentage of the cases in Throckmorton County are less than one gram.

Appellant argues this testimony was "inadequate, if even relevant" on the issue of Appellant's intent to deliver. According to Appellant, the Sheriff's testimony establishes only that in his experience, he has seen "a number of different weights that had proven to be for personal use." Viewing this evidence in a light most favorable to the verdict, we find that the jury could have reasonably inferred from the Sheriff's testimony that because 52.369 grams of methamphetamine is well over a typical case of personal-use possession in Throckmorton County, where a "large percentage" of cases involve less than one gram, Appellant intended to deliver the drugs.[3]

Additionally, a finding of defendant's intent to deliver can be supported by the absence of personal-use drug paraphernalia. *See Sneed v. State*, 406 S.W.3d 638, 642 (Tex. App.—Eastland 2013, no pet.) (finding that appellant's conviction of possession with the intent to deliver cocaine was supported by the expert testimony of a narcotics agent who searched the appellant and did not find a crack pipe in his possession, which would have indicated that the appellant was a user). In

---

[3] We further note that the State's argument that 52.369 grams of methamphetamine exceeds the amount a mere user would possess is consistent with other cases in Texas where a lesser amount of methamphetamine was found to be to indicative of an intent to deliver. *See Biggers v. State*, 634 S.W.3d 244, 254 (Tex. App.—Texarkana 2021, pet. ref'd) (holding that the evidence was sufficient to support defendant's conviction of possession of methamphetamine with intent to deliver where experts testified that 11.68 grams of methamphetamine is not a user amount but a dealer amount); *Perez v. State*, No. 11-02-00120-CR, 2002 WL 32344582, at *1 (Tex. App.—Eastland Nov. 21, 2002, no pet.) (not designated for publication) (holding that evidence was sufficient to support defendant's conviction of intent to deliver methamphetamine in the amount of 11.51 grams where an expert testified that the average user only purchases half a gram or less and uses only a quarter of a gram of methamphetamine per day); *Fletcher v. State*, No. 11-04-00305-CR, 2006 WL 950093, at *2 (Tex. App.—Eastland Apr. 13, 2006, no pet.) (not designated for publication) (finding the evidence sufficient to support a conviction for possession of methamphetamine with the intent to deliver where the officer testified that the 4.57 grams of methamphetamine linked to defendant was too much for personal use).

9

this case, a search of the vehicle in which Appellant drove revealed that Appellant possessed a marijuana grinder, a torch lighter, rolling papers, and a vape. On the one hand, the State argues that the paraphernalia found in the vehicle is consistent with marijuana use, not methamphetamine use. As such, the jury could have inferred that Appellant intended the methamphetamine for delivery. On the other hand, Appellant avers that the torch lighter in particular is a tool used for smoking methamphetamine, and thus suggests Appellant possessed the drug for his personal consumption. Considering the circumstantial evidence suggesting Appellant was a drug user of some kind, Appellant's argument that the paraphernalia supports an inference that Appellant personally consumed methamphetamine is a possibility—but the State was not required to disprove every reasonable alternative hypothesis to the exclusion of Appellant's guilt. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). In light of the standard, which requires that we defer to the jury's judgment with respect to conflicting inferences, we can presume that the jury considered both possibilities—that Appellant was a marijuana user and that Appellant was a methamphetamine user—and resolved that conflict against Appellant or even discounted this point altogether and decided the case on the other circumstantial evidence from which it could have rationally inferred Appellant had the intent to deliver.

Lastly, Appellant cites to Justice Dauphinot's dissent in *Jordan v. State*, 139 S.W.3d 723 (Tex. App.—Fort Worth 2004, no pet.) for the proposition that the *ability* to deliver is not the same as the *intent* to deliver. According to Appellant, from the amount of methamphetamine recovered, jurors could question Appellant's decision to buy his supply in bulk, but "that's a question that could be leveled at nearly every Costco shopper." To the extent Appellant's argument can be construed as saying that the evidence here is just as consistent with the intent to possess as the intent to deliver, we reiterate that it was the responsibility of the jury to resolve conflicting

10

inferences, and here, it did so against Appellant. *See Johnson v. State*, 829 S.W.2d 836, 837 (Tex. App.—Dallas 1992, no pet.) (citing *Matson v. State*, 819 S.W.2d 839, 845 (Tex. Crim. App. 1991)) ("If conflicting inferences concerning Johnson's intent exist, this Court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution."). Appellant also avers that the record reveals no evidence of intent to deliver because there was no evidence of drug paraphernalia commonly associated with a drug dealer's trade or that Appellant was a known drug dealer. And the area where he was arrested was not known for drug activity, plus the methamphetamine actually admitted at trial was all in one bag as opposed to being packaged in a manner consistent with resale.[4] But in conducting a sufficiency analysis, we look not to the number of relevant factors supporting the conviction, but to the logical force behind those factors that are present in the case.

Because the cumulative force of the State's evidence supports Appellant's conviction, we will not overturn the jury's verdict solely because evidence of the specific factors to which Appellant points was absent in this case. Taken together—i.e., the 52.369 grams of methamphetamine; the Sheriff's testimony concerning the quantity of methamphetamine that typifies a "large percentage" of personal-use possession cases in Throckmorton County, coupled with the fact that Appellant possessed far more than 52 times that amount; the Sheriff's testimony that he found a smaller cellophane package of methamphetamine in the vehicle; and the fact that one piece of the drug paraphernalia found in Appellant's car was just as consistent with marijuana

---

[4] While at one point, Appellant did not object when the Sheriff testified as to the smaller cellophane packaging of methamphetamine he found in the vehicle, Appellant did object when the State attempted to admit the smaller bag into evidence. At that juncture, Appellant argued his objection that the Sheriff lacked the qualifications to say with any certainty that the substance found in the vehicle was methamphetamine. The State moved on without admitting the evidence.

use as it was with methamphetamine use—the record contains sufficient evidence to support the jury's finding beyond a reasonable doubt that Appellant intended to deliver, rather than merely possess, methamphetamine in the amount of 52.369 grams. Accordingly, we overrule Appellant's sole issue.

## CONCLUSION

Because we find that the evidence was sufficient to support the jury's verdict, we affirm.

LISA J. SOTO, Justice

September 28, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)